John J. Dillon, S.
The executors have instituted a proceeding for a construction and for a determination as to whether or not the proposed selection of certain charitable institutions is within the power conferred by the will.
The will limits the power of selection in favor of nonsectarian organizations or institutions to educational purposes and the power of selection in favor of Jewish corporations or institutions extends to charitable or philanthropic corporations, as well as to educational institutions. It appears that the Attorney-General has no objection to the propriety of the selection as proposed by the executors.
The court determines that the selection of the Village of Scarsdale as a devisee of certain real property for the purposes and subject to the conditions specified in the proposed agreement is a devise to a nonsectarian corporation for educational purposes and within the power conferred by the will.
*30 The selection of the White Plains Hospital Association is determined to he a gift to a nonsectarian institution and is permitted under the will, provided that the fund is used for any one or more of the specified purposes set forth in the petition, each of which is determined to be educational, and that the exercise of such power is within the power conferred by the will.
Petitioners suggest that the proposed exercise of such power of selection in favor of The 42nd Street Beth David Hospital should be regarded as a selection of either a Jewish philanthropic charitable and educational institution, or a nonsectarian, educational institution. It appears that The Beth David Hospital was incorporated in 1886 under the name of “ The York-ville Dispensary and Hospital for Women and Children ”, that in 1910 its name was changed to Beth David Hospital, and it is now known as The Beth David Hospital. It is alleged that the name Beth David means “ House of David ” in Hebrew and that its doctors, directors and almost its entire medical staff is comprised of persons of the Jewish faith; that although the hospital in practice is nonsectarian, it is regarded in the community as a Jewish hospital and is analogous to Brandéis University which is financially sponsored to a large extent by persons of the Jewish faith; that such hospital might be regarded either as a Jewish institution or as a nonsectarian institution, and the fact that the hospital is nonsectarian in its operation should not disqualify it as a Jewish institution or organization.
Although the Beth David Hospital is staffed wholly or mainly by persons of the Jewish faith, the hospital is nonsectarian in the sense that its benefits extend to persons of other or all faiths. A stated purpose of such hospital as expressed in its certificate of incorporation as amended is as follows: “ To establish,
manage and conduct a non-sectarian dispensary and hospital, the benefits of such institution to be given gratuitously to patients unable to pay therefor and to other patients for compensation, all moneys so received to be applied to the support of the institution.” Such hospital is not, therefore, a Jewish hospital in the strict sense of the term and there is no evidence as to whether the testator regarded this institution as a sectarian or nonsectarian hospital.
Petitioners also urge that since one of the purposes of such hospital as defined by its constitution and by-laws is to afford to students in medicine the opportunity to acquire practical knowledge of the art and science of medicine and to promote research in medical science and to instruct women in the care *31 of the sick, such hospital also might he regarded as a nonsectarian educational institution.
There can be no question, however, as to the propriety of the proposed selection of such hospital even though it be regarded as nonsectarian, if under the alternative proposed by the executors, the use of the fund is limited to educational purposes. The court will accordingly approve the selection of a monetary grant to such hospital as a nonsectarian institution for the following purposes: to engage in all activities of an educational institution in the fields of curative and preventative medicine, surgery, nursing and medical social service work including the conduct of undergraduate courses in conjunction with medical colleges and to engage in scientific and research activities including the employment of instructors and the purchase of equipment for such purposes.
Accordingly the court determines that the selection of The Beth David Hospital may be made as a gift to a nonsectarian institution provided that the use of the fund is limited to the educational purposes hereinabove set forth.
Settle decree.